The opinion of the court was delivered by
Spencer, J.
Relators obtained an injunction to stay execution of a writ of seizure and sale obtained against them in the suit of “ Saloy vs. Widow Merz et al.” The sole ground upon which that injunction was asked was prematurity of demand — that the said Saloy, upon the condition of their paying the interest, had agreed to extend the time of pay *121 ment of the mortgage notes one year, i. e. from the 23d Nov., 1877, to-23d Nov., 1878. They alleged that they had complied with the condition and were entitled to the extension. This order of seizure was granted to Saloy on 20th May, 1878, and enjoined on same day by relators. It was tried, and the injunction dissolved, from which decree relators took a suspensive appeal on giving bond for costs. After this appeal had been perfected, to wit: on 30th Nov., 1878, Saloy’s counsel suggesting to-the court that the time of extension claimed by relators for payment of said note, and for which said injunction was granted, had expired and the injunction thereby become inoperative, moved the court for an order-directing the sheriff to proceed with the execution. This order was granted, except for the sum of $874, the amount which relators claimed to have paid as interest on the mortgage note. The matter before us is. an application for prohibition against this order, on the ground that by the appeal the Third District Court was divested of all jurisdiction, and could grant no orders in the case. The reply of the judge may be summarized thus:
“What was the thing demanded in the injunction suit? It was that Saloy be restrained and enjoined from executing his mortgage until 23d Nov., 1878. The court ordered that he be so enjoined. That is the order that was kept in force by the appeal. On the 23d Nov., 1878, the injunction expired by limitation. Thereafter there was no injunction existing, and therefore none to be suspended by the appeal. The court in ordering-the sheriff to proceed did not violate the injunction, or invade the jurisdiction of this court — for there was then no such order, and therefore no jurisdiction thereof in this court.”
We confess that there is much force and plausibility in these propositions of our brother of the district court. But there is a view of this-case, not presented in argument, which we think forces us to differ from the conclusions of the judge a quo. The real defense made by relatorswas the prematurity of plaintiff’s demand ; that plaintiff had obtained an order of seizure and sale on a debt not due. That was the allegation upon which the injunction was asked. Now the question thus raised, to wit: Whether plaintiff made his demand before his debt was due, must be determined and decided upon the state of facts existing at the time the suit was brought. If the debt was not due, plaintiff’s proceeding was wrongful, and properly enjoined. This wrong is not righted, this defense is not defeated, by the fact that before the issue is decided the debt becomes due. The penalty for bringing an action prematurely is its dismissal, unless defendant waives the exception. The exception of prematurity is not defeated by the subsequent maturity of the cause of action. If this were so it would often enable a plaintiff to avoid the effects of his own wrong by the commission of another, by postponing a. *122 ■decision until his debt had matured. So we hold that the question of .prematurity must be tested by the facts existing at the date the suit is brought, and that the penalty is dismissal of the suit if found premature. Under this view, it is manifest that the expiration, pending the ¡suit, of the time of the alleged extension, does not relieve the plaintiff from the consequences of his wrongful act; that the relators have the right to have this court review the judgment of the district court on the question of prematurity, and if the exception is found to be well taken, •they have the right to demand the maintenance of their injunction and •the setting aside of plaintiffs order of seizure. The district judge, we think, invaded the j urisdiction of this court in rendering said order.
It is therefore ordered and decreed that the writ of prohibition herein issued be made peremptory at costs of respondent.